E-FILED
Tuesday, 27 January, 2026  12:51:21 PM
Clerk, U.S. District Court, ILCD

|  |  |
|---|---|
| MORGAN COLE, on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>Hobby Town Unlimited, Inc.,<br><br>Defendant. | **United States District Court**<br>**Central District of Illinois**<br><br>Case No.:4:25-cv-04217-SLD-RLH |

**)** **)** **)** **)** **)** **)** **)** **)** **)** **)** **)** **)** **)** **)**

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT

Plaintiff Morgan Cole, by its undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 55(b)(2), for entry of default judgment against Defendant Hobby Town Unlimited, Inc. ("Defendant") and in support states as follows:

## PROCEDURAL BACKGROUND

1. This action was commenced by the filing of the Complaint on April 15, 2025. (ECF No. 1).

2. On July 17, 2025, Plaintiff amended its complaint (ECF No. 12).

3. The amended Complaint alleges that Defendant owns and operates a website (www.hobbytown.com) that contains multiple barriers that deny blind and visually impaired individuals full and equal access to its goods and services.

4. Defendant was served with the amended complaint on July 21, 2025, and the deadline to answer, move, or otherwise plead to the Complaint was August 11, 2025. (ECF No. 15).

5. Defendant has failed to appear, plead, or otherwise defend this action, and on September 18, 2025, Plaintiff requested Clerk's certificate of entry of default (ECF No. 16).

6.      On September 23, 2025, the Court entered default under Rule 55(a) against Defendant Hobby Town Unlimited, Inc. (ECF No. 17).

**ARGUEMENT**

## A. Liability Under Title III of the ADA

7.      Plaintiff specifically attempted to purchase some toys on Defendant's website on April 7, 2025. However, he was prevented from completing the purchase because a pop-up window unexpectedly appeared, which he was unable to close. The focus was stuck within the window, making it impossible for him to interact with the rest of the website and proceed with his shopping. These accessibility barriers interfered with her ability to independently explore options and complete his purchase and have caused hobbytown.com to be inaccessible to, and not independently usable by, blind and visually-impaired persons. (Compl. ¶¶ 35(a)-(l), 39).

8.      Once default is entered, all well-pleaded allegations in the Complaint, except those relating to damages, are deemed admitted. See *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

9.      Plaintiff is legally blind, and he relies on and uses a screen-reading software and screen reader technology to access websites. When attempting to navigate Defendant's website, Plaintiff was unable to access core features due to the absence of accessible coding elements like image alt text, keyboard navigability, and properly labeled form fields.

10.      Defendant's conduct constitutes unlawful discrimination under 42 U.S.C. §§ 12182(a), (b)(1)(A), and (b)(2)(A).

11.      Title III of the ADA requires public accommodations to provide equal access to goods and services for individuals with disabilities. 42 U.S.C. § 12182(a). Discrimination includes failing to make reasonable modifications to ensure accessibility. 42 U.S.C. § 12182(b)(2)(A)(ii).

12.     Courts within this District have repeatedly found that commercial websites may constitute public accommodations under Title III, particularly where a nexus exists between the website and commercial activity. *See, e.g., Walsh v. Dania Inc.*, 716 F. Supp. 3d 655, 660–62 (N.D. Ill. 2024); *Colon v. HY Supplies, Inc.*, 2023 WL 7666740, at *4 (N.D. Ill. Nov. 15, 2023). The Department of Justice has also confirmed that Title III applies to websites. *See U.S. Dep't of Justice, Guidance on Web Accessibility and the ADA* (March 2022), https://www.ada.gov/resources/web-guidance/.

13.     Because Defendant's website offers retail goods directly to the public, and Defendant has defaulted, the Complaint sufficiently establishes ADA liability.

14.     Plaintiff encountered specific access barriers on Defendant's website, including:

a.   inaccurate heading hierarchy;

b.   inaccurate navigation links;

c.   unclear labels for interactive elements;

d.   redundant links where adjacent links go to the same URL address;

e.   inaccurate labeling of form fields;

f.    and the requirement that transactions be performed solely with a mouse

15.     These barriers denied Plaintiff full and equal enjoyment of the goods and services offered on the website.

## B.  Injunctive Relief Is Warranted

16.     The ADA authorizes injunctive relief to prevent ongoing and future discrimination. *See 42 U.S.C. § 12188(a)(1); Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013).

17.     Courts apply a four-factor test for permanent injunctions. *Liebhart v. SPX Corp.*, 998 F.3d 772, 779 (7th Cir. 2021). Those factors are success on the merits; irreparable harm; inadequacy of legal remedies; and public interest. Here, Plaintiff satisfies each of those factors.

18.     As to the first factor of success on the merits; Defendant chose to rely on an exclusively visual interface despite readily available accessibility technology widely used by other online retailers. Courts have routinely granted default judgments in ADA website accessibility cases where defendants failed to appear. *See, e.g., Fuller v. Athleta, LLC*, 337 F.R.D. 659, 663 (N.D. Cal. 2020). The Seventh Circuit has also recognized that Title III coverage is not limited to physical spaces and extends to websites. *See Doe v. Mutual of Omaha Ins. Co.*, 179 F.3d 557, 559 (7th Cir. 1999); *Morgan v. Joint Admin. Bd.*, 268 F.3d 456, 459 (7th Cir. 2001).

19.     Next, there is irreparable harm because Plaintiff will continue to be denied meaningful access absent relief. Federal courts recognize that ongoing denial of equal website access constitutes irreparable harm. *See Nat'l Fed'n of the Blind v. Thrustmaster of Am., Inc.*, 249 F. Supp. 3d 676, 689–90 (D. Md. 2017) (finding irreparable harm from inaccessible checkout process, missing labels, and broken keyboard controls); *Nat'l Fed'n of the Blind v. Target Corp.*, 452 F. Supp. 2d 946, 961 (N.D. Cal. 2006) (noting that website inaccessibility frustrates the user experience and undermines independence).

20.     As to Inadequacy of legal remedies, money damages are unavailable under Title III. Plaintiff has also alleged emotional distress, including loss of sleep, humiliation, and frustration and therefore harms not compensable under Title III. Only injunctive relief can remedy these ongoing injuries. (Amended Compl. ¶49)

21.     Finally, as to the public interest requirement; Promoting website accessibility serves the ADA's core purposes. Approximately 8.1 million Americans are visually impaired, including

400,000 in Illinois. (Amended Compl. ¶3) Ensuring accessibility therefore has broad public impact. Allowing inaccessible websites to persist excludes an entire community from daily commerce, contrary to the ADA's mandate. Id. The public interest in enforcing the ADA is well established. *See United States v. AMC Entm't, Inc.*, 549 F.3d 760, 773 (9th Cir. 2008) (injunctions enforcing ADA accessibility requirements serve the public interest); *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013) (ADA violations inherently implicate strong public interests in accessibility).

22.    Plaintiff's requested injunction complies with Rule 65(d), which requires specific and definite terms. Plaintiff does not seek vague incorporation of third-party standards but rather specific technical actions to ensure accessibility.

23.    Default judgment establishes Defendant's liability under Title III of the ADA. By failing to respond, Defendant admits all well-pleaded allegations except damages (*e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007)). Courts in this District recognize that websites offering goods and services are places of public accommodation. *See Walsh v. Dania Inc.*, 716 F. Supp. 3d 655, 660–62 (N.D. Ill. 2024). The DOJ has also confirmed that Title III applies to websites (DOJ, Guidance on Web Accessibility and the ADA (Mar. 2022)).

24.    Plaintiff has been and will continue to be barred from using Defendant's website absent injunctive relief. Courts recognize that ongoing ADA violations cause irreparable harm. *See Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1075 (7th Cir. 2013). Plaintiff's inability to independently complete transactions online constitutes ongoing exclusion and humiliation and quintessential irreparable harm.

25.    Legal remedies are inadequate as a matter of law because Title III of the ADA does not provide compensatory or punitive damages. *See Goodman v. Illinois Dep't of Financial &*

*Prof'l Regulation*, 430 F.3d 432, 438 (7th Cir. 2005). Without injunctive relief, Plaintiff has no adequate remedy to ensure website accessibility.

26.     The public interest strongly favors injunctive relief. The ADA was enacted to eliminate discrimination and promote equal access. Ensuring accessible websites benefits not only Plaintiff but thousands of blind consumers. Courts and the DOJ alike recognize the importance of accessibility. Moreover, the required fixes such as adding alt text, proper labels, ensuring keyboard navigation which are modest in cost relative to the harms avoided. *See Sierra Club v. Franklin Cnty. Power of Ill., LLC*, 546 F.3d 918, 936–37 (7th Cir. 2008).

27.     At this stage, Plaintiff proceeds solely in his individual capacity, not seeking class relief. Plaintiff respectfully requests entry of default judgment declaring Defendant's website inaccessible and enjoining Defendant to correct specific barriers.

### C. Conclusion

Plaintiff respectfully requests that the Court enter judgment in his favor and:

1. Declare that Defendant's website violates Title III of the ADA;

2. Permanently enjoin Defendant to take the following actions within 180 days:

   a.  Provide alt-text for all meaningful images;

   b.  Correct form field labeling to enable accurate screen reader interaction;

   c.  Add "skip to content" functionality;

   d.  Ensure all navigation menus and dropdowns are accessible via keyboard;

   e.  Ensure interactive elements are programmatically focusable and announced correctly;

   f.  Within 180 days, Defendant shall implement the corrective actions listed herein and file with this Court a sworn certification of compliance by an officer or authorized representative, under penalty of perjury.

3.  Reserve jurisdiction to determine Plaintiff's reasonable attorneys' fees and costs upon petition.

4.  Because Plaintiff does not seek monetary damages, no inquest is necessary.

WHEREFORE, Plaintiff respectfully requests entry of default and the entry of the attachment judgment against Defendant.

Dated:   January 27, 2026

EQUAL ACCESS LAW GROUP, PLLC
*Attorneys for Plaintiff*

**/s/ *David B. Reyes***
By: David B. Reyes, Esq.

Flushing, NY 11367

68-29 Main Street

D: 718-554-0237

O: 844-731-3343

Email: Dreyes@ealg.law