E-FILED
Friday, 21 August, 2026 04:20:20 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

Morgan Cole, on behalf of himself and all others similarly situated,

Plaintiffs,

vs.

Hobby Town Unlimited, Inc.,

Defendant.

Case No.: 4:25-cv-04217

**SUPPLEMENTAL RESPONSE OF ATTORNEY DAVID BALDEMAR REYES TO ORDER TO SHOW CAUSE**

Respondent, Attorney David Baldemar Reyes, on a *pro se* basis, respectfully submits this Supplemental Response to the Court's Order issued in this cause on July 24, 2026 (ECF No. 27), directing him to show cause why sanctions should not be imposed against him based upon his inclusion of admittedly problematic citations in Plaintiff's Motion for Default Judgment filed on January 27, 2026 (ECF No. 25). On August 10, 2026, the Court issued a Text Order (ECF No. 31) granting Respondent leave to supplement his Initial Status Report filed on August 7, 2026 (ECF No. 30), after having the opportunity to retain and consult with counsel, and extending the deadline for this supplemental response through today's date, August 21, 2026. This Supplemental Response is submitted pursuant to the Court's direction and supplements the initial status report previously provided by Respondent.

## I. Introduction

Respondent appreciates the seriousness of the Court's concerns and the important ethical obligations imposed upon attorneys practicing before this Court. After carefully reviewing the

Motion for Default Judgment, the authorities cited therein, and the Court's Order, Respondent acknowledges that certain citations contained in the Motion for Default Judgment were inaccurate and should not have been included without independent verification. The problematic citations were included in a template that Respondent prepared with the aid of artificial intelligence ("AI") software that included these "hallucinated" citations. Respondent accepts full responsibility for those errors and submits this response with candor, respect for the Court, and recognition of the professional obligations attendant to the privilege of practicing before the federal judiciary.

This response addresses the citation errors identified by the Court, explains the factual circumstances surrounding their inclusion in the Motion for Default Judgment, addresses the Court's reference to *Hippe v. Retention Brands LLC*, describes the corrective measures implemented following the filing of the Motion, and respectfully sets forth the reasons why no further sanctions are warranted or, alternatively, why any sanction imposed should be limited and proportionate to the circumstances presented.

**II. Relevant Background**

As set forth above, Plaintiff filed a Motion for Default Judgment in this cause seeking declaratory and injunctive relief, pursuant to Title III of the Americans with Disabilities Act. On July 24, 2026, the Court granted the Motion in part and denied it in part, denying Plaintiff's request for declaratory relief and granting his request for injunctive relief. In the same Order, the Court directed Respondent to show cause why sanctions should not be imposed against him based upon the inclusion of fabricated and inaccurate citations in the Motion for Default Judgment. This response is submitted in accordance with that Order.

The Court's Order also references the publicly available proceedings in *Hippe v. Retention Brands LLC*, a recent case from the Eastern District of Wisconsin. Because the Court has identified

that matter as being relevant to its consideration of the present Order to Show Cause, Respondent will also address the relationship between the two proceedings below.

## III. Factual Circumstances Surrounding the Citation Deficiencies

The factual circumstances giving rise to the citation deficiencies identified by the Court are set forth more fully in the accompanying Declaration of David Baldemar Reyes, which is incorporated herein by reference. Respondent respectfully summarizes those circumstances below.

Respondent was primarily responsible for researching, drafting, reviewing, signing, and filing Plaintiff's Motion for Default Judgment. In preparing the Motion, counsel conducted legal research and relied in part on prior work product developed with the help of AI in similar ADA Title III matters, as a drafting aid and template. Respondent failed, however, to independently verify every legal authority contained in the final version of the Motion before it was filed, thus further propagating AI hallucinations that had been included in the original version of the template, which Respondent had also failed to thoroughly review and identify. Respondent recognizes that while AI and templates may serve as drafting aids, the same can never substitute for independently locating, reviewing, and verifying every authority cited in a pleading.

As a result of that failure, the Motion contained inaccurate and fabricated citations that should not have been presented to the Court. Respondent recognizes that regardless of the drafting methods employed or the resources consulted during preparation, the responsibility to ensure the accuracy of every legal citation rested solely with him.

Respondent does not contend that these circumstances excuse the deficiencies identified by the Court. Rather, they are provided so the Court may understand how the errors occurred before considering the corrective measures that have since been implemented. In this regard, Respondent was not actually aware of the issues with the relevant citations until the District Court

for the Eastern District of Wisconsin issued its Decision and Order to Show Cause in the *Hippe v. Retention Brands, LLC* case on June 23, 2026, as cited in the Court's Order issued in this cause on July 24, 2026. Following the *Hippe* decision, Respondent immediately reviewed his template used in those cases where default judgments had been requested in similar cases, and removed the inaccurate citations. Respondent also reported what had transpired to his employer and pursuant to an order entered by the District Court in *Pittman v. Hazel & Olive*, No. 1:25-cv-07791 (N.D. Ill. Mar. 19, 2026), reported the citation-related and other issues to the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois ("ARDC"). Respondent understands that the ARDC is presently investigating his conduct and he is cooperating with its requests for information. Respondent has retained experienced counsel in Chicago to represent his interests in that investigation, which is ongoing.

Respondent did not knowingly or intentionally submit inaccurate or fabricated legal authorities to the Court or intend to mislead anyone; nevertheless, he recognizes that the absence of such intent does not excuse the failure to independently verify the authorities before filing.

In addition to the corrective measures described above, Respondent has formally retained Attorney William F. Moran, III of Springfield, Illinois, who is admitted to practice before this Court and is experienced in matters involving professional responsibility and attorney discipline. Mr. Moran has agreed to advise Respondent and represent his interests concerning the issues raised by the Court's Order to Show Cause and, if necessary, to enter his appearance in this cause. Respondent has executed an engagement letter confirming that representation and has consulted with Mr. Moran concerning his professional obligations, the circumstances giving rise to the citation deficiencies identified by the Court, and appropriate measures to implement to prevent similar issues from recurring in the future.

## IV. The Court Should Exercise Its Discretion to Decline Further Sanctions or Impose Only a Limited Sanction

Federal courts possess both inherent authority to address attorney misconduct and to protect the integrity of judicial proceedings. At the same time, because the inherent sanctioning power is a potent one, it must be exercised with restraint and discretion. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–46 (1991). The Supreme Court has likewise recognized that sanctions imposed pursuant to a court's inherent authority must be appropriately tailored to the misconduct at issue rather than exceed what is necessary to accomplish their legitimate purposes. *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 108 (2017). The Seventh Circuit likewise recognizes that district courts possess broad discretion in exercising their inherent authority to protect the integrity of judicial proceedings. *Fuery v. City of Chicago*, 900 F.3d 450, 452 (7th Cir. 2018). These same principles are reflected in Rule 11, which provides that sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4).

Guided by those principles, courts may consider the particular circumstances of the misconduct, including the attorney's acceptance of responsibility, the absence or presence of bad faith, the prejudice caused by the conduct, and the corrective measures implemented following discovery of the error. Respondent respectfully submits that those considerations weigh in favor of declining additional sanctions or, alternatively, imposing only a limited sanction under the circumstances presented here.

### A. Respondent has Accepted Full Responsibility and Implemented Meaningful Corrective Measures.

Respondent has not disputed the Court's findings regarding the citation deficiencies identified in the Motion for Default Judgment. Nor has he attempted to shift responsibility to any other person, drafting tool, or circumstance. Instead, Respondent has acknowledged that the obligation to independently verify every legal authority before filing rested solely with him.

Immediately after becoming aware of the Court's concerns, Respondent undertook a comprehensive review of the Motion for Default Judgment, the authorities cited therein, and the drafting process that resulted in the filing. He also implemented enhanced citation-verification procedures designed to ensure that every legal authority contained in future pleadings is independently located, reviewed, and verified before submission to any court. As set forth in the accompanying Declaration, those procedures include personally locating and reviewing every cited authority, verifying quotations and pinpoint citations against the original source material, confirming that each authority supports the proposition for which it is cited, and completing a separate citation review before filing.

Plaintiff himself had no involvement in the preparation of the legal authorities cited in the Motion for Default Judgment and reasonably relied upon his attorney of record to prepare an accurate motion supported by persuasive authority. Any deficiencies identified by the Court are attributable solely to the undersigned counsel.

The measures described above extend beyond changes to Respondent's citation-verification practices and include additional professional-accountability measures undertaken in response to the citation deficiencies identified by the Court. Respondent respectfully submits that his consultation with experienced professional-responsibility counsel, cooperation with the ARDC's ongoing investigation, and implementation of enhanced citation-verification procedures further demonstrate that the issues identified by the Court are being addressed through concrete

remedial and accountability measures, rather than merely through assurances that similar errors will not recur in the future.

**B. The Relationship Between this Matter and *Hippe v. Retention Brands LLC*.**

The Court's July 24, 2026 Order references the publicly available proceedings in *Hippe v. Retention Brands LLC*. Respondent recognizes the significance of that reference and understands that the Court is appropriately considering this matter in light of those proceedings.

Respondent does not dispute that both matters involve motions for default judgment prepared by undersigned counsel that contained inaccurate and fabricated legal citations, which should have been independently verified before filing. Both matters therefore reflect failures in Respondent's drafting and citation-verification process and implicate the same professional obligation of competence and accuracy owed to the Court. The corrective matters identified above are all designed to eliminate future examples of the problems demonstrated on the records in this and the *Hippe* case.

The chronology of these matters is relevant. Plaintiff's Motion for Default Judgment in this case was filed on January 27, 2026. The Order to Show Cause in *Hippe* was not entered until June 23, 2026, and counsel's response describing the citation deficiencies and corrective measures was not filed until July 14, 2026. Accordingly, the Motion for Default Judgment in this matter had already been researched, prepared, and filed before the issues identified in *Hippe* were brought to Respondent's attention, and before the corrective measures described in this response were implemented. Respondent does not offer this chronology as an excuse for the citation deficiencies identified here. Rather, it explains why both motions contain the same preexisting citation-verification issues. The chronology explains why the citation deficiencies identified in this matter

and in *Hippe* arose from the same underlying drafting process, rather than from a failure to implement corrective measures to address the obvious problems.

Respondent recognizes that the chronology does not diminish the seriousness of the citation deficiencies identified by this Court or his independent obligation to ensure the accuracy of every authority cited before filing. Respondent accepts full personal responsibility for those deficiencies. Rather, the chronology provides context for the Court's consideration of whether the existence of two proceedings should be viewed as evidence of repeated disregard of corrective measures or as the product of the same drafting practices that existed before those measures were implemented.

### C. ***Dec v. Mullin*** **Provides Guidance Regarding the Court's Exercise of Discretion.**

The Seventh Circuit's recent decision in *Dec v. Mullin*, 171 F.4th 940 (7th Cir. 2026), provides useful guidance regarding the exercise of sanctioning discretion in circumstances involving inaccurate legal citations. Although *Dec* is factually distinguishable, as the subject attorney did not acknowledge using AI, and does not control the outcome here, the factors the Seventh Circuit found significant are instructive. There, the court publicly admonished counsel after a brief contained nonexistent citations and an inaccurate quotation, but declined to impose additional sanctions after concluding that counsel accepted responsibility, sincerely apologized, represented that the errors were neither knowing nor intentional, and implemented meaningful measures to prevent similar errors in future filings. The Seventh Circuit also observed that the citation deficiencies were limited in scope and did not affect the substantive merits of the appeal. *Id*. at 946–48. While recognizing that every case must be evaluated on its own facts, Respondent respectfully submits that the considerations identified in *Dec*—including acceptance of responsibility, the absence of intentional misconduct, and the implementation of meaningful corrective measures—are likewise relevant to the Court's exercise of its discretion in this matter.

Respondent recognizes that *Dec* does not present identical facts. Unlike the present matter, this case follows the Court's reference to the publicly available proceedings in *Hippe* and therefore presents additional considerations not before the Seventh Circuit in *Dec*. Respondent does not rely upon *Dec* as a factual analogue. Rather, he respectfully submits that the factors identified by the Seventh Circuit—acceptance of responsibility, the absence of intentional misconduct, meaningful corrective measures, and the objectives of deterrence—remain relevant to this Court's exercise of its discretion.

Considering those factors together with the circumstances presented here, Respondent respectfully submits that the objectives of deterrence and protection of the judicial process have been substantially advanced through the Court's Order, his acknowledgment of responsibility, and the corrective and accountability measures implemented following the filing of the Motion for Default Judgment in this cause.

## V. Conclusion

Respondent recognizes the seriousness of the citation deficiencies identified by the Court and sincerely regrets that the Motion for Default Judgment contained inaccurate and fabricated citations, which were the result of his use of AI. Respondent accepts full personal responsibility for those deficiencies and recognizes that the obligation to independently verify every legal authority before filing rests solely with the attorney signing the pleading.

Since learning of the citation deficiencies, Respondent has undertaken a thorough review of the circumstances that resulted in those deficiencies, implemented meaningful changes to his drafting and citation-verification practices, retained and consulted with experienced professional-responsibility counsel, and reported the citation-related issues to the ARDC, where related conduct is presently under review. Respondent respectfully submits that these actions, together with his

acceptance of personal responsibility, sincere remorse, and commitment to fulfilling the professional obligations owed to this Court, demonstrate that meaningful corrective and accountability measures are underway and weigh in favor of a measured exercise of the Court's discretion.

Accordingly, Respondent respectfully requests that the Court consider the totality of the circumstances, including the accompanying Declaration, in determining that no further sanctions are necessary or, alternatively, that any sanction imposed be narrowly tailored to the circumstances presented.

**WHEREFORE**, Respondent is committed to restoring the Court's confidence that future filings submitted by undersigned counsel will reflect the level of care, accuracy, and professionalism expected of members of the federal bar. Plaintiff and undersigned counsel respectfully request that this Court:

1. Accept this Supplemental Response and the accompanying Declaration of David Baldemar Reyes;
2. Consider Respondent's prompt acknowledgment of the citation deficiencies, acceptance of personal responsibility, implementation of meaningful corrective measures, retention and consultation with professional-responsibility counsel, and self-reporting of the citation-related issues to the ARDC;
3. Discharge the Court's July 24, 2026 Order to Show Cause without imposing additional sanctions or, alternatively, impose only such limited sanction as the Court deems just and appropriate under the circumstances;
4. Direct any sanction, if imposed, solely to undersigned counsel and not to Plaintiff, who had no involvement in the preparation of the Motion for Default Judgment; and

5. Grant such other and further relief as the Court deems just and proper.

***/s/ David B. Reyes***
By: David B. Reyes, Esq.
4903 Avenue N,
Brooklyn, NY 11234
O: 844-731-3343
D: 718-554-0237
Email: davidbreyes3@gmail.com